COBB, Judge.
J.C. appeals the trial court’s October 24, 2003, denial of his motion to review and reconsider the trial court’s denial of his right to apply for youthful-offender status under § 15-19-1, Ala.Code 1975. On November 2, 2004, J.C. pleaded guilty to first-degree burglary, in violation of § 13A-7-5, Ala.Code 1975, and he was sentenced to 10 years in prison; that sentence was split and he was ordered to serve one year in the custody of the Department of Corrections, to attend boot camp, and to serve 3 years on supervised probation. He was also ordered to pay $55 in restitution, to pay court costs, and to pay $50 to the crime victims compensation fund.
The record reveals that on January 20, 2003, J.C. was arrested and charged as an adult with unlawful breaking and entering a motor vehicle, second-degree theft of property, third-degree theft of property, and first-degree burglary. At the time of the arrest, he was 16 years of age, and was therefore eligible to seek youthful-offender status under § 15-19-1, Ala.Code 1975. On appeal, J.C. argues that the trial court abused its discretion in denying him the opportunity to apply for youthful-offender status. In its brief, the State agreed that J.C. was improperly denied the right to seek youthful-offender status and argued that the case should be remanded for the trial court to make a determination as to whether J.C. should be treated as a youthful offender.
On June 10, 2003, J.C. filed an application for youthful-offender status. On July 10, 2003, July 24, 2003, and August 12, 2003, and August 28, 2003, the trial court held hearings to determine whether he had the right to apply for youthful-offender status. On October 24, 2003, the trial court denied J.C. the opportunity to apply for youthful-offender status.
The trial judge denied J.C. the opportunity to apply for youthful-offender status because she believed that § 12-15-34(h), Ala.Code 1975, prohibited the trial court from treating him as a youthful offender because the trial court believed that he had been automatically transferred from the juvenile court to the Montgomery Circuit Court. Section § 12-15-34(h), Ala. Code 1975, states in pertinent part:
“(h) A child whose case is transferred for criminal prosecution shall not be granted youthful offender status and, if convicted, shall be sentenced as an adult if the act which if committed by an adult would constitute any of the following:
“(1) A capital offense.
“(2) A Class A felony.
“(3) A felony which has as an element the use of a deadly weapon.”
J.C., however, was not transferred from the juvenile court to the circuit court; therefore, § 12-15-34(h), AIa.Code 1975, is inapplicable. Rather, J.C. was charged as an adult under the provisions of § 12-15-34.1, Ala.Code 1975, which states that a 16-year-old must be charged as an adult if he or she is charged with, among other crimes, a Class A felony.
This Court has held that when a juvenile is charged with a crime as an adult under § 12-15-34.1, Ala.Code 1975, the defendant has the right to apply for youthful-offender status under § 15-9-1, Ala.Code 1975.
“Section 12-15-34.1, Ala.Code 1975, provides that a minor 16 years or older is not subject to the jurisdiction of juvenile court but is to be tried as an adult if the minor is charged with an act that would constitute a capital offense, a Class A felony, a felony involving the use of a deadly weapon, a felony involving death or serious physical injury, a felony involving the use of a dangerous instru *1013 ment against certain officials, trafficking in drugs, or any lesser included offense of the above, or lesser felony offense arising from the same facts and circumstances and committed at the same time as the above offenses. However, a person to be tried as an adult under § 12-15-34-1 rnay apply for youthful offender status under § 15-19-1, Ala.Code 1975.”
J.F.B. v. State, 729 So.2d 355, 358 (Ala.Crim.App.1998) (emphasis added). Accordingly, we find that the trial court erred in denying J.C. the right to seek youthful-offender status.
Therefore, we remand this case for the trial court to make findings of fact consistent with this opinion. If the trial court determines that J.C. qualifies for youthful-offender treatment, his conviction should be reversed, and he should be afforded youthful-offender treatment. If the trial court, in its discretion, determines that J.C. is not qualified to be treated as a youthful offender, then the failure of the trial court to consider youthful-offender treatment before his conviction was harmless error and his conviction should be affirmed.
The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ„ concur.

 Note from the reporter of decisions: On May 26, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion.